## Florence M. Ensminger, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 22,462.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed May 29, 1917. Rehearing denied June 8, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Florence M. Ensminger, plaintiff, against the Chicago Railways Company, defendant, to recover for personal injuries. From a judgment for plaintiff on a verdict for $2,200, defendant appeals.

CHARLES L. MAHONY and FRANK L. KRIETE, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

FREDERICK Z. MARX, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence sufficient to show starting of car before passenger alights.* In an action for personal injuries alleged to have been received by falling in alighting from a street car, where the evidence is conflicting whether the car, after stopping for plaintiff to alight, started before she did so, the finding of the jury thereon in plaintiff's favor will not.be disturbed.

2. CARRIERS, § 476*—*when evidence is sufficient to show that fall of alighting passenger was caused by catching dress in door.* In an action for personal injuries alleged to have been received by falling in alighting from a street car which had stopped to permit plaintiff to alight, but started before she did so and while her dress was caught in the car door, where the evidence is conflicting as to whether the fall was caused by the catching of her dress in the car door or by the condition of the street, the finding of the jury thereon in plaintiff's favor will not be disturbed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. DAMAGES, § 120*—*when verdict for personal injuries is not excessive.* . In an action for personal injuries, where plaintiff's evidence shows that her left shoulder was dislocated, the ligaments of the shoulder blade and arm were torn, that she suffered nervousness, constant pain and loss of sleep and was unable to lie in bed on her injured arm or to lift it or extend it as before the accident, and the only evidence in contradiction thereof was that of a physician as to the usual consequences of such a dislocation, a verdict for $2,200 is not excessive.

4. APPEAL AND ERROR, § 1637*—*when error in instruction is cured by other instructions.* Even though an instruction is subject to the objection that it is abstract in form, it is not ground for reversal, where other specific instructions are given in connection therewith which correct any tendency to mislead.

5. APPEAL AND ERROR, § 1523*—*when giving of instruction not in conformity with issues is harmless error.* Even though an instruction injects into the case an issue which, if the jury took the defendant's view, was not involved, the giving of such instruction is not ground for reversal where it could not have harmed defendant.

6. CARRIERS, § 479*—*when instruction in action by street car passenger for personal injuries is not reversibly erroneous because directing a verdict.* In an action for personal injuries alleged to have been caused by defendant's negligence in starting its car while plaintiff was alighting, an instruction to the jury that "if from a preponderance of all the evidence, and under the instructions of the court you find the defendant guilty as charged in the declaration, then you should assess the damages herein," is not reversible error on the ground that it directs a verdict for plaintiff regardless of whether she exercised ordinary care for her own safety, where, by other instructions, the jury were told under what conditions of fact defendant could not be found guilty and that the exercise of ordinary care on plaintiff's part was essential to her recovery, even though defendant was negligent.

7. DAMAGES, § 244*—*when instruction not in conformity with pleadings not reversibly erroneous.* In an action for personal injuries, the giving of an instruction that the jury might, in computing damages, take into consideration any permanent disability of plaintiff and her inability to work, is not reversible error, even though the declaration did not allege permanent injury or inability to work beyond a period of six weeks, where evidence was introduced of permanent disability and inability to do the same kind of work after the accident as before it, without the question of variance being raised by defendant, as the defect in this respect in the declaration was cured by the verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.